{¶ 40} I respectfully dissent.
 {¶ 41} Civ.R. 38(A) indicates that the right to a trial by jury shall be preserved to the parties inviolate on any issue triable of right by a jury.
 {¶ 42} Civ.R. 39(A) requires that, when trial by jury has been demanded, the trial of all issues for which a jury has been demanded shall be determined by the jury except (1) those situations where parties stipulate their consent to certain issues being decided by the trial judge; or (2) the court upon motion or of its own initiative finds the right of jury trial does not exist. *Page 19 
 {¶ 43} Clearly the civil rules contemplate that the determination of what issues are to be tried by the jury be made before trial, not after the jury verdict has been returned. The parties should be informed before the trial if a jury is merely advisory, if only to spare themselves the substantial costs associated with a jury trial.
 {¶ 44} The record before us on appeal is remarkably silent on the issue of what the role of the jury was to be. Counsel for appellees asserts that everyone knew that the jury was to be merely advisory on all issues except on the issue of whether an employment contract was breached. Counsel for appellant asserts that all issues were to be decided by the jury as the trier of fact.
 {¶ 45} The trial judge had an opportunity to clarify the situation before trial and even while the jury was deliberating. No document or statement on the record clearly defined before trial the role of the jury in finding facts. When the issue was raised by counsel for appellees during deliberations, the trial judge expressed a desire to see what the jury decided, rather than clarify the jury's role.
 {¶ 46} I do not feel the trial judge used the best practice by waiting until after the jury had returned a verdict with which he ultimately disagreed before indicating on the record that he viewed the jury's verdict as merely advisory.
 {¶ 47} Had the trial judge followed what to me is a better procedure, the issue of whether unjust enrichment was triable to a jury would not be before us in its present posture. The parties could have briefed the issue and the trial judge could have made a determination before evidence was presented. Clearly, the case law on this issue is conflicting, with the Fifth and Eighth Districts having rendered opinions which conflict with *Page 20 
opinions from the Second and Seventh Appellate Districts. I do not seeCross v. Ledford, supra as providing any insight on the issue from the Supreme Court of Ohio's perspective since the Cross case deals with rescission of a fraudulent contract and the five paragraphs of the syllabus do not address the differences between cases in law and cases in equity. Because of the conflicts between the districts, the Supreme Court of Ohio should address the issue in the future. Since the issue falls in a gray area of the law, to me the failure of the trial court to address the issue before trial means that the issue was submitted to the jury for purposes of Civ.R. 39. For all the above reasons, I would sustain the first assignment of error.
 {¶ 48} I would also sustain the second assignment of error. I can find no indication that "unjust enrichment" was a claim litigated in the English courts of equity. The Second Appellate District's holdings on the issue seems to rest on assertions that the primary thrust of the claim for relief was equitable in nature. However, given the strong bias for jury trials in the United States, reflected in both the Constitution of the United States and the Constitution of Ohio (not to mention the Ohio Rules of Civil Procedure), I am not inclined to deprive litigants of the right to a jury trial unless the specific claims for relief were tried in the English courts of equity. If the claim for relief falls in a gray area, then the American bias in favor of jury trials should dictate that the claim be litigated as a legal claim with a jury as the trier of fact.
 {¶ 49} Since I believe the first and second assignments of error should have been sustained, I would find the third and fourth assignment of error to be moot. The fifth *Page 21 
assignment of error would also be moot, assuming the jury's verdict is reinstated. I do not see merit in any of the assignments of error in the conditional cross-appeal.
 {¶ 50} Therefore, I would remand the case with instructions to reinstate the jury verdict. Since the majority does not, I respectfully dissent.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1